Mr. Matura, good morning to you. Good morning, Judge. Paul Matura here. I'll post the appellant. Yes, and you've reserved two minutes for rebuttal. Correct. So that means you get eight minutes, excuse me, three minutes to start. We have, I think, five minutes for you in total. Correct. So three minutes to start, two minutes rebuttal. Thanks for hearing my appeal today. My basic snapshot of the situation is four different forms of federally protected funds were awarded, separate property funds were awarded as marital property in a divorce. I've made it very clear to the various courts that I've been to before I made this one, that federal law prohibits the division of these funds during disillusioned marriage action. They are separate property. It cannot be treated as marital property. Excuse me, Mr. Matura, what you're arguing is that the federal law basically was ignored or misapplied by the divorce court in deciding. The divorce court in the district in New York State Court of Appeals. But the federal district court dismissed on what are known as Rooker-Feldman. Yes. If you're familiar with that. Yes. And that's a doctrine that exists to basically say federal courts are not going to intervene to overrule state judgments when certain criteria have been met. Correct. And so I think that's probably worth focusing on. Why is this not a Rooker-Feldman, just a case or a textbook example of Rooker-Feldman that doesn't even allow us to get to the issue that you're arguing about the federal law? I believe that this case has been to the Supreme Court twice, Mansell v. Mansell in 1989 and Howell v. Howell in 2017. And both were defeated unanimously, which I believe sets Supreme Court precedents. Well, this is the first time I think our court has addressed this particular statute in what would be a Rooker-Feldman situation. But other courts have and have recognized that the Rooker-Feldman doctrine applies to claims that a state court judgment violated the Uniformed Services Former Spouses Protection Act. Eleventh Circuit sort of has done that multiple times. Correct. And they were all defeated. Maybe. But so why – again, I'm trying to figure out why that would not be applicable here. In my – judging my brief to this court, I explained that the best I could. Well, maybe try to articulate it again because I'm not sure I'm following it. I would – I believe I would have to review the brief to explain that. I thought I was trying to hear – I thought I was trying to explain that federal law supersedes New York State domestic relations law in all situations. Well, but, I mean, virtually everybody who's bringing a claim against a state court judgment is asserting some federal interest or federal right. Right. So you're not unique in that regard. You're referring to a particular statute. Other plaintiffs are referring to different statutes or different constitutional provisions. But the Rooker-Feldman Doctrine still says you can't use the federal district court to override a judgment of a state court when that case predated the federal case where you had the judgment was final and, you know, what the criteria are for Rooker-Feldman. So what makes this statute different than other federal statutes or constitutional provisions that have been held to have to comply with the Rooker-Feldman Doctrine? Well, what makes this statute – well, what makes the case different is the fact that it's never been done before. It's never been – these funds have never been awarded successfully by a court or a judge. Only a handful of times they've been attempted and been awarded, and they have all been defeated at state appellate level, except for the two that made it to the United States Supreme Court, which were both ruled unanimously that the state cannot award such funds, thus setting Supreme Court precedents. And like I've said, federal law supersedes state law in all situations. New York State cannot divide those funds. They couldn't divide them when they did it four years ago, and they can't divide them now because federal law states such. Did you make those arguments in the state court? Yes. In the state court, and the state court rejected them. Is that right? Or what happened in the state court when you made those arguments? The reason the state court rejected them, Judge, is because the state court constantly rejected them using New York State domestic relations law. And that's where – that's my basis. But didn't it make some finding that the assets had been earlier divided in some way, or they weren't subject to the statute for some reason? I mean, you were able to make those arguments to the state court, right? The state court made the decision based on New York State domestic relations law. But it took into account. I can't possibly speculate what the state court took into account. Well, that is that you had made those arguments that you're making now to us about the import of the federal law in the state court, right? I made them for years, Judge, several times. They apparently ignored them, and that's why I'm here. You didn't properly appeal the state court decision, right? No. My appeal was denied for or was rejected for failure to perfect. Right. But you had an opportunity, but you didn't perfect your appeal. Correct. And I currently have a significant claim in the New York State Court of Claims against the state of New York for not allowing me to appeal, which is a separate issue than this. What happened on your appeal? Why was it failed to be perfected? My appeal was – So it was not perfected. Was it untimely, or did you not file the right forms, or what happened? No, the cover was not blue, and there was another statement that was in there that they claimed was not, and it was rejected by a low-level clerk's assistant, and I was not allowed to perfect my appeal, and that's why I currently have a claim in the New York State Court of Claims for that issue. So you have ongoing proceedings. I have an ongoing claim, which is separate from this issue. The issue I am hearing is because the state of New York has violated federal law by awarding four forms of federally protected property in a divorce, even though federal law states that they cannot under any circumstances. My colleagues were suggesting ordinarily if you think the state court got that wrong and violated federal law in its decision, the thing you would do is appeal that to the highest court in New York State. You can't come here and challenge the state court ruling. That is about my divorce and not the funds that were awarded during it. The case in the New York State Court of Claims is about the divorce itself, not the federally protected funds that were awarded. All right. Well, Mr. Matura, you've reserved two minutes for rebuttal, so let's now hear from Mr. Hu. Am I pronouncing that right? Yes, that's right. Good morning, Your Honors. Kevin Hu on behalf of the state of New York. So I think the primary reason this court should affirm is really well laid out in our brief. We think that all causes of action would necessarily be barred by the Wicker-Feldman Doctrine. So I'd like to use the remainder of my time to address an issue you brought up, Judge Carney, as to what exactly Mr. Matura raised before the trial court. And so the way that the divorce proceedings came about is that Mr. Matura's wife filed for divorce, and in a strange sequence of events, Mr. Matura repeatedly and affirmatively told the trial court that he would not proceed in the divorce proceedings, even though the trial court repeatedly reached out to him throughout the entire process. And so when the trial court then issued the judgment of divorce in which she divided up all the assets, she specifically stated that she was dividing Mr. Matura's military pension as an asset because it was a service pension and not a disability. And so on this legal point, I think actually everyone is in agreement. If it were a disability under New York state law, it couldn't be divided. And so afterwards, Mr. Matura then filed a motion to vacate that judgment. And the trial court denied it, but she actually took the time to address every single one of his legal arguments. And she, again, acknowledged that disability benefits would not be allowed to be divided, but that's not what I'm doing. She emphasized that she was solely dividing the military pension. So it's a different category of payment and that it is consistent with federal law. This court's view to divide it as a marital asset. Exactly. And the federal statute that Mr. Matura cites that relates to military pensions generally, what it actually says is that a state court can divide a federal military pension in accordance with state law. And so that brings us straight back to state law, of which we're actually in agreement. Service pension can be divided. Disability cannot. And so in some ways, this issue really is a fact issue as to what the assets being divided were. And that is precisely the reason why it would have been more important for him to properly take an appeal in state court. Was there any contention, or did the record show any basis for finding it was a disability payment, or was it too uncertain? So my understanding is that the trial court conducted an inquest, during which Mr. Matura's wife presented proof of all the assets to be divided. And it's my understanding she provided proof that it was a service pension and not disability. What about the Social Security benefits? Those are not subject to equitable distribution. That is correct, Your Honor. But based on the judgment of divorce and the subsequent motion to vacate decision, the trial court didn't divide up any Social Security benefits to begin with. And so it is my understanding that Mr. Matura was raising the Social Security claim for the first time in his complaint. And so it seems like the trial court never had a chance to address that contention, that there were actually Social Security benefits at issue. And so unless there are any further questions, we respectfully request that this court affirm. Okay. Thank you, Mr. Wu. We'll now hear from Mr. Matura for two minutes of rebuttal. Judge, I have the district's judgment here. I'm a reserve component officer. I do not collect my pension until the age of 58, and I'm 56 right now. That military pension will be divided by the court. The state is incorrect. Veterans Administration disability is not pension. It is federally protected funds that cannot be. Are you getting a disability payment? I'm getting, yes, Your Honor. I'm getting VA disability, which cannot be divided under any circumstances. The state, I'm sorry, the district court in its ruling right here believes that to be my pension. The administrative error is that the district court believes what Mr. Hu just said, that it is my pension that the court divided. Did you tell the state court judge who was running your divorce proceedings that it was a disability payment? Several times. I have this error perhaps 12 times. Did you tell the state court judge that it was a disability payment? Yes, I did, several times. And I have the state's- Is the documentation supporting that? Yes, absolutely. The state, or I'm sorry, the district court states in their decision order that the state can divide my pension. So district court, the state of New York, the Supreme Court, and the state's representation all believe that these funds in question is my pension. It is not. So if there's a mistake like that, perhaps you can get the state court to revisit it. We're still not in a position to do that as the federal court, Mr. Matoro. But, Judge, I've submitted a motion to repress recusal of judge and to re-argue, which they ignored. I submitted a motion to- I'm sorry, that was a motion for recusal of judge? Yes. Why aren't you just asking the judge to- Because that's a second motion, Your Honor. The first one was to nullify, void, dismiss, or change. Mr. Vittori, have you thought, have you looked for a lawyer to help you? I've looked for several lawyers. There are groups that will help provide legal representation to vets. Have you tried one of those organizations? Well- In other words, the state agrees that you can't distribute a disability pension. Yes, Your Honor. The state- The state do it. The state and the judge, the trial court, were all under the impression that this was a service pension. Yes. If that's wrong, it would seem to me it could be fixed. And you should try one of these pro bono organizations that provides legal representation to vets. But I have the- But you can't, you know, you didn't perfect the appeal. You're coming to federal court. You're really challenging the state court judgment. And Rooker Feldman does present a problem for us to jump in. Judge, I made my way here because the state of New York divided federally protected property that they cannot divide. Four different forms of it. The Supreme Court of Onondaga County of upstate New York rejected two motions. The district court in northern New York also believes that it's my pension that they divided, and so does the representation of the state of New York here. So I've already- If you look in my brief, I make that very clear. In my brief to this court, I made it very clear that the state-that the district court made a mistake because they believe that to be my pension. I have that right in front of me, if you would allow me to find it. I could read it. I do not know what page it's on, but I stated multiple times that the court- the district court has stated that they believe this to be my military pension when it is not. When you say district court, you mean the state court? No, district court. Federal district court. Federal district court in northern New York. Federal district court basically just said it didn't have jurisdiction because of Rooker Feldman. No, no, the federal-no, Your Honor, I have it right here. It's extensive. I don't-it might take me a minute to find it. But I have it-I've written it several times that the court believes that it to be my pension, and it's not. All right. Well, look, we have the briefs. We've heard your argument. We will reserve decision.